

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA,<br>     Plaintiff,<br>Vs.<br><br>P.O. REYES Star # 15014,<br>P.O. CECCHIN Star # 18454,<br>P.O. MENDEZ Star # 9637,<br>John Doe P.O. SGT. FROM THE CHICAGO<br>POLICE DEPARTMENT<br>Individually, and THE CITY OF CHICAGO,<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:14-cv-08316
Judge Sharon Johnson Coleman
Magistrate Judge Young B. Kim

**JURY DEMANDED**

RECEIVED

OCT 2 2 20..

THOMAS G. BRUTON
CLERK, U S DISTRICT COURT

# CIVIL COMPLAINT

***Now comes the Plaintiff,*** Kevin Sroga, who files this complainant seeking redress against the named parties above and the City of Chicago in relation to violations of his constitutional rights whereby the Plaintiff states as follows:

## INTRODUCTION

1.    This action is being brought pursuant to the Laws of the United States Constitution, specifically under 42 U.S.C 1983, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff that were accomplished by acts and/or omissions of the Defendants committed under color of law.

2.    This is a civil action seeking damages against those defendants for committing acts under color of law, and depriving plaintiff of rights secured to him by the constitution and the laws of the United States.

## JURISDICTION

3.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4.    Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5.    At all times herein mentioned, Plaintiff **KEVIN SROGA** ("Sroga" or "Plaintiff") is a reasonable person, was, now and has always been a citizen of the United States residing within the City of Chicago and in jurisdiction of this Court.

6.    At all times herein mentioned, Defendant Chicago Police Officer **REYES** Star # 15014 ("Reyes") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

7.    At all times herein mentioned, Defendant Chicago Police Officer **CECCHIN** Star # 18454 ("Cecchin") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

8.    At all times herein mentioned, Defendant Chicago Police Officer **MENDEZ** Star # 9637 ("Mendez") was employed by the Chicago Police Department and was acting under color of state law as the employee, agent, or representative for the Chicago Police Department. This Defendant is being sued in her individual/personal capacity.

9.    At all times herein mentioned, Defendant Chicago Police Officer **JOHN DOE**

Star # (unascertainable at this time)("John Doe") was employed by the Chicago Police

Department and was acting under color of state law as the employee, agent, or

representative for the Chicago Police Department. This Defendant is being sued in his

individual/personal capacity.

10.    At all times herein mentioned, the **CITY OF CHICAGO** was a political

division of the State of Illinois, existing as such under the laws of the State of Illinois.

At all relevant times, the City of Chicago maintained, managed, and /or operated the

Chicago Police Department and the Department of Streets and Sanitation.


## STATEMENT OF FACTS

11.    On Sunday October 21st 2012 @ approximately 18:33 hrs., the Plaintiff was

   unlawfully seized in violation within the meaning of the 4th Amendment by

   Officers *Reyes* # 15014, *Cecchin* # 18454 and *Mendez* # 9637 from the Chicago

   Police Department.

12.    At the time of this illegal seizure, the Plaintiff, Kevin Sroga was not in violation

   of any State, Federal or Municipal laws.

13.    The Plaintiff was ultimately arrested, charged and then erroneously prosecuted

   upon false information and accusations of violating Chapter 625 ILCS 5.0/4-

   104-a-4 of the Illinois Complied Statutes by these arresting officers.

14.    Subsection *625 ILCS 5.0/4-104-a-4* has to do with possession of title/

   registration not authorized on a vehicle generally in relation to theft of a vehicle

   or theft of a registration/title.

3

15. Plaintiff states that the vehicle in question was his own and that the registration L/P was authorized under Illinois law t o be affixed to such a vehicle.

16. At the time of this unlawful police inception, Plaintiff had a vehicle parked on private property, (on a private Driveway) not on any public or municipally owned property.

17. Plaintiff was ultimately unlawfully arrested for allegedly violating 625 ILCS 5.0/4-104-a-4 after officers' claim that the Plaintiff was parked on a Public "Sidewalk."

18. In engaging in this type of egregious conduct, whereby violating the Plaintiff's 4th Amendment Right, the officers did so knowing that the Plaintiff was not in violation of any State, Federal or Municipal laws of this State.

19. Such egregious conduct on behalf of these named defendant Officers, *"Shocks the Conscience"* of an ordinary prudent individual.

20. While engaging in this type of egregious conduct, these officers' did so while acting under color of state law as members of the Chicago Police Department employed by the City of Chicago.

21. Plaintiff in no way consented to any of the above conduct.

22. Plaintiff pled Not Guilty to these set of allegations and after almost two years of going to Court and challenging the erroneous arrest, he was found guilty of having violated 625 ILCS 5.0/4-104-a-4 on September 3rd 2014.

23. A motion for new trial was filed and Plaintiff was convicted before the Circuit Court of Cook County for having violated 625 ILCS 5.0/4-104-a-4 of the

Illinois Complied Statutes on Monday October 6th 2014 after his motion was erroneously denied by that Court.

24. This conviction was due to defendant officer Cecchin providing false and misleading testimony to the Jury, otherwise known as perjury.

25. Officer Reyes did not appear to testify at these proceedings as it was claimed that he was on a Medical Leave for allegedly being injured while on Duty.

26. An appeal before the Illinois Appellate Court on this matter is likely, however, at this time, Plaintiff is considering a motion to reconsider the Court's ruling and has time to do so prior to filing an appeal.

27. Plaintiff must file suit pertaining to this matter no later than today, October 22nd 2014, to safe guard his 4th amendment right violation claims in this Court for statute of limitation purposes in the event this conviction is ultimately overturned and set aside.

28. Plaintiff is not setting forth more specific information as it relates to Defendant John Doe Sgt. at this time because, 1st the Plaintiff is unaware of the Sgt's name and star # but wants to reserve and secure the right to name him in this suit in the event this case proceeds forward at a later date and time through an amended complaint.

## COUNT I

1) False arrest /Illegal Seizure

**Plaintiff against Defendant REYES, CECCHIN & MENDEZ for Illegal Seizure and False Arrest of the Plaintiff**

29. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

30. On October 21st 2012, Defendant – Officers Reyes, Cecchin and Mendez caused the illegal seizure and arrest of Plaintiff unreasonably and without probable cause, reasonable suspicion, consent or any lawful basis to stop, detain, seize, arrest or any other legal cause to believe that Plaintiff had violated or was about to violate any city, state or federal law.

31. By reason of Defendants Reyes, Cecchin, and Mendez'z conduct, Plaintiff was deprived of rights, privileges and immunities secured to him under the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The action's of Defendants Reyes, Cecchin, & Mendez's in unlawfully seizing and then arresting Plaintiff without any probable cause or any legal justification violated the Plaintiff's Fourth Amendment Right, as reinforced by the Fourteenth Amendment, to be free from unreasonable seizures, arrests or imprisonments.

Therefore, these Defendants are liable for illegal seizure and false arrest pursuant to 42 U.S.C. Section 1983.

2)-Due Process                                          **COUNT II**

**Plaintiff against REYES & CECCHIN for violation of Due Process and Illegal Seizure of Personal Property**

33. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

34. Defendant **Reyes and Cecchin**, caused Plaintiff's property to be illegally seized in violation of the Plaintiff's Due Process rights, namely the unlawful seizure of his vehicle off of private property while his vehicle was not in violation of any State, Federal or Municipal laws.

6

**35.** In committing these acts of misconduct described herein, Defendant **Reyes and Cecchin** committed them under color of state law while acting as agents and officers for this Cities Police Department as members of the Chicago Police Department.

**36.** In addition to this, without warrant, exigent circumstances or lawful consent nor the legal authority to do so, Officer Reyes entered the Plaintiff's vehicle to obtain information and evidence that was ultimately utilized against the Plaintiff at his trial in violation of the *Fruit of the Poisonous Tree Doctrine*.

**37.** In doing this; Officer Reyes actually committed the criminal act of trespassing to the Plaintiff's vehicle as his actions were without legal justification.

**38.** To further this, these Defendant Officers then fabricated arrest reports and gave untrue testimony before the Circuit Court in conjunction to this unlawful prosecution that ultimately convicted the Plaintiff of an erroneous allegation of violating section 625 ILCS 5.0/4-104-a-4 of the Illinois Complied Statutes.

**39.** Plaintiff's right to receive a fair and impartial trial/court proceeding was therefore violated with such perjured testimony and tainted evidence.

**40.** By reason of the Defendants Reyes and Cecchin's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants Reyes and Cecchin are liable for violation(s) of Due Process pursuant to 42 U.S.C Section 1983.

## COUNT III

3) Conspiracy

### Plaintiff against Defendants Reyes and Cecchin for Conspiracy to Deprive Plaintiff's Constitutional Rights

**41.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**42.** Defendant-Officers held a meeting of the minds whereby they entered into a conspiracy by working a denial of Plaintiff's rights by causing the unreasonably unlawful seizure and then arrest of Plaintiff and his property without probable cause, reasonable suspicion, consent or any lawful basis to stop, detain, seize, arrest, or any other legal cause to believe that Plaintiff had violated or was about to violate any city, state or federal law.

**43.** Defendant-Officers knowingly and intentionally schemed and worked together in a common plan to illegally stop, seize, search and arrest Plaintiff under false pretenses.

**44.** Defendant-Officers then conspired and acted together to cover up this false arrest of Plaintiff by illegally creating probable cause to arrest Plaintiff and by falsifying and creating and doctoring evidence in having Plaintiff Maliciously prosecuted under these false pretenses.

**45.** By reason of the Defendant-Officers conduct who were acting under color of state law, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants and each of them are liable for Civil Conspiracy pursuant to 42 U.S.C Section 1983.

## COUNT IV

4) Excessive Force

### Plaintiff against Defendant REYES on Excessive Force

**46.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**47.** On Sunday October 21st 2012, Officer Reyes arrived at Plaintiff's location whereby Plaintiff was immediately unlawfully seized and then detained and handcuffed.

**48.** Defendant Reyes, upon placing the Plaintiff into custody affixed his securing devices (Handcuffs) purposefully and excessively tight causing Plaintiff extreme discomfort, pain, and suffering the cutting off of proper blood circulation to the Plaintiff's extremities, whereby leaving score marks imbedded on and internal bruising on the Plaintiff's wrists.

**49.** The use of force in this case was extreme and excessive and was clearly not justified under law and was clearly unreasonable.

**50.** By reason of the Defendant Reyes conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment as guaranteed by the Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder, to be free from the use of excessive and unreasonable force. Therefore, Defendant is liable for excessive force pursuant to 42 U.S.C. Section 1983.

## COUNT V

5) Malicious Prosecution

### Plaintiff against Defendant Reyes and Cecchin and the City of Chicago for State Supplemental Claim of Malicious Prosecution

**51.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

52.     Defendant Reyes and Cecchin caused a criminal prosecution to commence against the plaintiff.

53.     Defendant, police officers who are employed by the City of Chicago, maliciously commenced and still causes to be continued a criminal action against the Plaintiff without probable cause or any legal justification for the institution and continuation of such proceedings. As a result, Plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

54.     Defendant Officers facilitated this malicious prosecution by the creation of false evidence and by giving false police reports and false testimony before the Court.

55.     The City of Chicago is liable as a result of *respondent superior*.

56.     Therefore, the individual defendants Reyes, Cecchin and the City of Chicago are liable for the state supplemental claim of Malicious Prosecution.


## COUNT VI

6) Supervisory Liability

### Plaintiff against Defendant John Doe Police SGT. for Supervisory Liability

57.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

58.     Defendant **John Doe SGT** is a Supervising Sergeant for the Chicago Police Department.

59.     On October 21st 2012, accompanied by Defendant Officers Reyes and Cecchin, Defendant Supervisor **SGT. John Doe** encouraged and allowed the illegal stop, seizure, search and arrest of Plaintiff unreasonably and all without probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, seize, search, arrest or any legal cause to believe that Plaintiff violated any city, state or federal law.

10

**60.**     This John Doe Defendant "encouraged and conspired" with other officers in having the Plaintiff arrested under false pretenses and then encouraged and allowed other officers to act on and conduct an unlawful search of Plaintiff's vehicle knowing such search to have been unlawful and without any probable cause, reasonable suspicion, consent or any other legal justification to conduct a search of Plaintiff's vehicle.

**61.**     The actions of this John Doe Defendant SGT's. conduct on condoning and allowing Plaintiff to be illegally stopped, seized, detained, searched, and then arrested all without any probable cause, reasonable articulable suspicion or any legal justification violated Plaintiff's Fourth Amendment Rights as guaranteed by the Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

**62.**     The Defendant **SGT John Doe** a Supervisor for the Chicago Police Department approved, encouraged, condoned and or turned a blind eye to the substantial amount of Violations that deprived Plaintiff of his constitutional securities.

**63.**     This Defendant **John Doe SGT** ultimately failed to exercise a **"duty to intervene"** as a Supervisor who allowed other officers to go forward in an unlawful scheme in stopping, seizing, searching and falsely arresting Plaintiff all in violation of the Plaintiff's constitutional rights.

**64.**     By reason of Defendant John Doe SGT.'s conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder. Therefore, this John Doe defendant is liable under the **Supervisory Liability Doctrine** pursuant to 42 U.S.C Section 1983.

## COUNT VII

7) Failure to Intervene

### Plaintiff against all Defendants for Failure to Intervene

**65.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**66.** All Defendant-Officers while acting within the scope of their employment under color of state law had a duty to protect Plaintiff's constitutional rights and securities, this included a **"duty to intervene"** in the deeds of misconduct generated by their fellow colleagues and Supervisors.

**67.** All Defendants failed to exercise diligently in one way or the other and violated their own **"duty"** as sworn members of the Chicago Police Department in the preservation and prevention of Plaintiff's Constitutional Rights from being maliciously and unjustifiably violated in a wanton and reckless manner by fellow Police personnel.

**68.** By reason of the Defendants conduct by Failing to Intervene, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder. Therefore, all Defendants and each of them are liable to Plaintiff for failure to Intervene Pursuant to 42 U.S.C. Section 1983.

## COUNT VIII

8)-Emotional Distress

### Plaintiff against all Individual Defendants for Intentional Infliction of Emotional Distress

**69.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**70.** Defendant police officers and City personnel while acting under color of state law, deprived plaintiff of multiple Constitutional Rights and privileges and immunities

secured to him under the Fourth and Fourteenth Amendments of the United States Constitution during their scope of employment as Officers with the City of Chicago.

71.     These willful acts of misconduct by all Defendants as set forth above were extreme, outrageous, wanton, and were undertaken with malice, willfulness and a reckless indifference to the Rights of the Plaintiff.

72.     Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff in addition to violating Plaintiff's Rights secured to him under the United States Constitution

73.     As a direct and proximate result of Defendants wrongful acts and conduct did directly and proximately cause Plaintiff to suffer severe and extreme damages including but not limited to, financial, severe mental and emotional distress, physical damage, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of liberty, loss of personal property, loss of employment, destruction of reputation, all in relation and thereby constituting intentional infliction of emotional distress upon savagely violating Plaintiff's Constitutional Rights.

## COUNT IX

9 Municipal Liability

**Plaintiff against Defendant City of Chicago for Failure to Train, Supervise and Discipline**

74.     Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

75.     The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

76.     The Defendant City of Chicago failed to take the necessary precautions to adequately Monitor, Train, Supervise, and or Discipline its Personnel Officers.

77.     The Defendant City of Chicago and its officers worked a "deliberate indifference"

to the Plaintiff's Constitutional Rights on multiple occasions.

**78.** These deliberate indifferences can only be attributed to the City of Chicago's

*Failure to Monitor, Train, Supervise and Discipline* its officer agents.

10) Responeat Superior          **<u>COUNT X</u>**

## RESPONEAT SUPERIOR

**79.** Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

**80.** All Defendant-Officers either are or were members and agents of the Chicago

Police Department or City of Chicago.

**81.** In committing these willful and wanton acts against Plaintiff, Defendants

committed them under color of state law during the scope of their employment.

**82.** Defendant City of Chicago is the employer of the Defendant Officers.

**83.** Pursuant to ***respondeat superior***, Defendant **CITY OF CHICAGO**, as

principal, is liable for its agents' actions.

**84.** As a proximate cause of Defendant Officers unlawful acts which occurred

within their scope of employment activities, Plaintiff suffered severe and extreme

damages including but not limited to, financial, severe psychological, mental and

emotional distress, physical damage, mental distress and anguish, anxiety, fear,

humiliation, traumas, loss of liberty, loss of personal property, destruction of reputation,

loss of employment and a potential loss of his professional careers.

## <u>COUNT XI</u>

11) Indemnification

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

**85.** Illinois law provides that public entities are directed to pay any tort judgment compensatory damages for which employees who are liable within the scope of their employment activities.

**86.** The acts of the individual Defendant – Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

**87.** Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant aforementioned personnel and its Officers.

***WHEREFORE***, Plaintiff Kevin Sroga respectfully moves this Honorable Court for all of the forgoing reasons stated herein and asks that this Honorable Court enter judgment as follows against the Defendants, and each of them on every claim:

a) That the Defendants be required to pay Plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;
b) Award special damages in a sum to be determined at trial;
c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;
d) Require the Defendants to pay the Plaintiffs costs of the suit herein incurred;
e) Require and or Award such other and additional relief that this Honorable Court deems just and equitable.
f) Order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

*The Plaintiff, Kevin Sroga, Hereby Requests A Trial By Jury on each and every Count of this Compliant*

Respectfully submitted,

Kevin Sroga, Pro Se Plaintiff

Kevin Sroga
3343 W. Crystal
Chicago, IL 60651
(773) 401-2716