# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 cv 8316 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 22, 2014, plaintiff, Kevin Sroga, filed an eleven Count *pro se* Complaint pursuant to 42 U.S.C. §1983 stemming from his arrest on October 21, 2012, and conviction by a jury on September 3, 2014, of one count of displaying or affixing to a vehicle any license plate not authorized by law for use on such vehicle, in violation of 625 ILCS 5/4-104(a)(4). Defendants jointly move to dismiss the Complaint for failure to state a claim and because several of the claims are untimely [14]. Despite this Court having given Sroga several opportunities over a six-month period to respond to defendants' motion, no response has been filed. This Court grants the motion to dismiss for the reasons that follow.

**Background**

Plaintiff, Kevin Sroga, asserts that defendant Chicago Police Officers Reyes, Cecchin, Mendez, and Sgt. John Doe, violated his Fourth Amendment and Fourteenth Amendment constitutional rights by falsely claiming he was parked on a public sidewalk, causing his arrest for violating 625 ILCS 5/4-104(a)(4). Sroga also alleges that in the course of his arrest, defendant Officer Reyes applied the handcuffs too tightly, causing pain and extreme discomfort. Sroga further alleges that the defendant police officers falsified police reports and provided false testimony in his

1

criminal proceedings, which resulted in his conviction. He seeks to hold the City of Chicago liable for the officers' conduct.

**Legal Standard**

In order to survive dismissal under Rule 12(b)(6), a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While specific facts are not necessary, the complaint must give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098-1099 (7th Cir. 2015) (internal citations omitted). The allegations in the complaint must state a plausible claim for relief with factual allegations sufficient to raise the right to relief above the speculative level. *Id.* at 1099 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). When considering a motion to dismiss, the court accepts as true all well-pleaded allegations, *Twombly*, 550 U.S. at 555, and draws all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

A plaintiff may plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law. *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015). "Thus, although a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Id.* (citing *Cancer Fndtn, Inc. v. Carberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009)).

**Discussion**

Defendants move to dismiss the Fourth Amendment claims for false arrest (Count I), unlawful search and seizure (Count II), excessive force (Count IV), and the dependent claims of conspiracy (Count III) and failure to intervene (Count VII) as well as the state law claim of intentional infliction of emotional distress (Count VIII) because they are untimely. Defendants

move to dismiss the remaining counts for due process violations (Count II), malicious prosecution (Count V), supervisor liability (Count VI), and the municipal liability claims (Counts IX-XI) for failure to state a claim.

*1. Statute of Limitations*

Defendants argue that Sroga has pled all the facts necessary to establish a statute of limitations defense for all of Sroga's Fourth Amendment claims. The statute of limitations for § 1983 actions is based on state law, which is two years in Illinois. *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). A §1983 action accrues when the plaintiff "knows or has reasons to know that his constitutional rights have been violated." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Claims for excessive force and unlawful search and seizure accrue immediately at the time of the alleged act. *Evan v. Poskon,* 603 F.3d 362, 363 (7th Cir. 2010); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Thus, Sroga's claims for excessive force and unlawful search and seizure of his vehicle accrued on October 21, 2012. Sroga did not file the instant Complaint until October 22, 2014, more than two years from the date of his arrest. Although one day late may seem inconsequential, the Court is entitled to strict compliance with the rules especially where the plaintiff has been given more than one opportunity to respond to the motion to dismiss and fails to do so. Accordingly, this Court dismisses with prejudice Counts II and IV as untimely.

Defendants also assert that Sroga's false arrest claim is untimely. As with other Fourth Amendment claims brought under §1983 the statute of limitations is two years. *See Moore*, 771 F.3d at 446. For false arrest claims, the action accrues "'at the time the claimant becomes detained pursuant to legal process'—that is, when the arrestee is bound over by a magistrate or arraigned on charges." *Serino*, 735 F.3d at 591 (quoting *Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). As stated above, the incident occurred on October 21, 2012, although it appears

Sroga's initial appearance before a judge was not until October 25, 2012. *See* Dkt. 14-1, Ex. 1 at 2. Accordingly, his false arrest claim filed October 22, 2014, is timely.

However, Sroga's false arrest claim must be dismissed because precedent precludes him from bringing this false arrest claim. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). *Heck* bars a lawsuit under section 1983 where a judgment in favor of the plaintiff necessarily would imply the invalidity of his criminal conviction, unless the criminal conviction has been vacated. *Id.* at 487; *Skinner v. Switzer*, 131 S. Ct. 1289, 1298, 179 L. Ed. 2d 233 (2011). Ordinarily a false arrest claim does not imply the invalidity of the conviction and thus does not implicate *Heck* as a bar to suit under § 1983. However, where, as here, a plaintiff's false arrest claim is based on "allegations that are inconsistent with his conviction's having been valid, *Heck* kicks in and bars his civil suit." *Gordon v. Miller,* 528 Fed.Appx. 673, 674 (7th Cir. 2013) (internal quotation marks omitted); *see also Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003); *Mehta v. Vill. of Bolingbrook*, No. 12 C 6216, 2014 WL 7450304, at *5 (N.D. Ill. Dec. 29, 2014) (Kennelly, J.). Sroga alleges that the very basis for the charge pursuant to 625 ILCS 5/4-104(a)(4) is invalid. Section 5/4-104(a)(4) provides that it is a violation for "[a] person to display or affix to a vehicle any certificate of title, manufacturers statement of origin, salvage certificate, junking certificate, display certificate, temporary registration permit, registration card, license plate or registration sticker not authorized by law for use on such vehicle". Because Sroga claims that the vehicle was his and parked on private property, the allegations in the complaint challenge the validity of the conviction. Since his conviction has not been vacated, *Heck* bars Sroga's false arrest claim.

Dismissal of Counts I, II, IV, requires dismissal of the derivative Counts III, VI, VII for the reasons set forth above.

Sroga's state law claim for intentional infliction of emotional distress in Count X is also time-barred. Such claims carry a one-year statute of limitations. 745 ILCS 10/8-101. Therefore, Sroga had

one year from the date of his arrest on October 21, 2012, in which to file a complaint. The complaint was filed on October 22, 2014. Accordingly, Count X is untimely and dismissed with prejudice.

*2. Failure to State a Claim*

Defendants argue that the remainder of the complaint should be dismissed for failure to state a claim upon which relief can be granted. In Count II, Sroga asserts a Fourteenth Amendment due process violation based on allegations that defendant officers falsified police reports and their testimony at trial. Count V alleges a state law claim of malicious prosecution against defendant officers Reyes and Cecchin. Counts IX, X, and XI assert municipal liability against the City of Chicago for failure to train, supervise and discipline its police officers, respondeat superior, and indemnification. The Court will address each count in turn.

With respect to Count II, the fabrication or falsification of evidence only violates due process if it results in a wrongful conviction. *Bianchi v. McQueen*, No. 12 C 0364, 2014 WL 700628, at *11 (N.D. Ill., Feb. 24, 2014) (discussing *Whitlock v. Brueggemann,* 682 F.3d 567 (7th Cir. 2012), and *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014), and their effect on the formerly settled rule that evidence fabrication does not state a cognizable due process claim). Thus, in order for Sroga to state a claim for a due process violation based on the fabrication of evidence by police, his conviction must be reversed or vacated. "Short of that, an evidence fabrication claim is, in essence, a claim of malicious prosecution (i.e., a claim that the plaintiff was arrested and prosecuted without probable cause), which, in Illinois, must be brought pursuant to state law." *Bianchi*, 2014 WL 700628, at *11.

In Count V, Sroga claims state law malicious prosecution. However, as the Complaint alleges, Sroga's jury trial resulted in a finding of guilty. To state a claim for malicious prosecution, Sroga must allege that the criminal proceedings terminated in his favor. *See Hurlbert v. Charles*, 238 Ill. 2d 248, 938 N.E.2d 507, 512, 345 Ill. Dec. 68 (Ill. 2010); *Mosley v. City of Chicago*, 614 F.3d 391, 399

(7th Cir. 2010) (applying Illinois law). Since Sroga cannot allege that the criminal proceedings terminated in his favor, he fails to state a claim for malicious prosecution.

Counts IX, X, and XI, assert claims against the City of Chicago for municipal liability, respondeat superior and indemnification. To establish liability for the City of Chicago, Sroga must allege that: (1) he suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the City; which (3) was the proximate cause of his injury. *See Monell v. New York City Department of Social Services,* 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978); *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). In the Complaint before the Court, Sroga's allegations are bare assertions that the City failed to monitor, train, and supervise its officers. *See* Dkt. 8 at ¶¶ 74-79. Beyond the fact of the single incident of which Sroga complains, his arrest and subsequent prosecution, there are no facts indicating a widespread policy or practice in circumstances such as these. "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). Thus, this Court finds the Complaint fails to state a claim for municipal liability and Count IX is dismissed. Count X is also dismissed because the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit. *West by & Through Norris v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) (citing, e.g., *Board of County Commissioners v. Brown*, 137 L. Ed. 2d 626, 117 S. Ct. 1382, 1388 (1997)).

This Court having dismissed Counts I-X of the Complaint, Count XI against the City of Chicago must also be dismissed without prejudice because there is no claim that can form the basis of the City's duty to indemnify under 745 ILCS 10/9-102.

**Conclusion**

Based on the foregoing, this Court grants defendants' Motion to Dismiss [14] and dismisses the Complaint in its entirety. Civil case terminated.

IT IS SO ORDERED.

Date: 12/30/2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge